THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARLOS CARIDE SAMOT, Defendant and Appellant.

No. 14193.   Argued February 1, 1950.—Decided April 21, 1950.

*Santos P. Amadeo* for appellant.   *Vicente Géigel Polanco, Attorney General, (Carlos Santana Becerra, Acting Attorney General, on the brief), J. Rivera Barreras, Fiscal of the Supreme Court* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

Appellant was accused of murder in the first degree. Although at the date of the arraignment he had been provided with counsel, the latter did not appear on the day set for trial, for which reason the court, when the case was called, assigned him another attorney who, upon being asked whether he was ready for trial, answered affirmatively and at the same time stated to the court as follows: "The defendant *has just now told me* that he has two witnesses who are in jail; if we could send for them afterwards." (Italics ours.)   The court ordered the marshal to telephone the Dis-

trict Jail of San Juan to bring the said witnesses at once, but it does not appear from the record whether they appeared.

The evidence presented by the district attorney was to the effect that on December 28, 1948, at dawn, the defendant was in a bar accompanied by Felícita Pérez; that the latter started playing a "juke box" and that while they were listening to the music, the defendant suddenly drew a revolver and shot his companion. The district attorney presented in evidence the written confession of the defendant, in which he said that while he was seated alongside the decedent he felt a sudden impulse to kill her, which prompted him to shoot her; also, the testimony of the bartender who testified that upon hearing the shot he immediately looked around and saw the defendant holding the gun in his hands and the decedent bleeding from a wound in her face. On the other hand, the defendant testified that his alleged confession had been made involuntarily and that the decedent had committed suicide.

Based on this evidence, the jury brought in a verdict of murder in the first degree. On appeal it is charged as an error, among others, that the defendant lacked adequate assistance of counsel, as guaranteed by our Organic Act.

It clearly appears from the record that although counsel was assigned for the defendant the latter lacked in fact the assistance of counsel guaranteed by the Organic Act. That his appointment was *pro forma* is demonstrated by the fact that he did not have a reasonable opportunity to consult with the defendant in order to prepare an effective defense. *People* v. *Muriel*, 57 P.R.R. 896 and *People* v. *Rodríguez*, 69 P.R.R. 913. Citing from *Powell* v. *Alabama*, 287 U. S. 45 we said in *People* v. *Muriel*, *supra*:

" 'It is not enough to assume that counsel thus precipitated into the case though there was no defense, and exercised their best judgment in proceeding to trial without preparation. Neither they nor the court could say what a prompt and thoroughgoing investigation might disclose as to the facts. No attempt was made to investigate. No opportunity to do so was given.'

Defendants were immediately hurried to trial. Chief Justice Anderson, after disclaiming any intention to criticize harshly counsel who attempted to represent defendants at the trials, said: ". . . the record indicates that the appearance, was rather *pro forma* than zealous and active . . ." Under the circumstances disclosed, we hold that defendants were not accorded the right of counsel in any substantial sense. To decide otherwise, would simply be to ignore actualities.' "

We have examined the remaining errors assigned by the defendant and we think that they were not committed; but the lack of assistance of counsel compels us to reverse the judgment and to remand the case for a new trial.